



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

March 15, 1939

GERALD C. MANN
ATTORNEY GENERAL

Hon. V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Dear Sir:

Opinion No. O-477
Re: Payment of Poll Tax -
Qualification of Voter.

We are in receipt of and have given careful con-
sideration to your letter of March 10, 1939, which reads as
follows:

"Will you please give me a ruling on the following:

"If a person resides in Blanco County, Texas, on
January 1st, 1939, but later during the year, say
in March 1939, he moves to Gillespie County, and
pays his property tax and poll tax in Gillespie County -
will he be permitted to lawfully vote in Gillespie
County during the year 1940?

"What I want to know is, this: Must he pay his poll
tax in the County that he resided in on January 1st.
or can he pay it later during the year, in the
County to which he moves, and vote in that county on
it.

"Trust that you understand my question. I am sending
this question to you by Mr. T. E. Patton, County
Clerk of Blanco County, Texas.

Thanking you for giving this matter your very prompt
attention."

Inasmuch as you have failed to advise us whether or
not Blanco County has or will levy a county poll tax not to
exceed twenty-five cents for the year 1939, it will be necessary
for us to qualify our opinion so as to take care of this situa-
tion in the event it should arise, for reasons as hereinafter
shown.

Hon. V. B. Goar, March 15, 1939, Page 2

It is provided in Article 7046, Revised Civil Statutes of Texas, 1925, that there shall be levied and collected, with certain exceptions, an annual poll tax of one dollar and fifty cents, one dollar of which is for the benefit of the free schools of this State and fifty cents for general revenue purposes, from all persons between the ages of twenty-one and sixty years residing within this State on the first day of January of each year, and further provides that no county within the State of Texas shall levy a poll tax for county purposes in excess of twenty-five cents.

It is provided in Article 2959, Revised Civil Statutes, 1925, that a poll tax shall be collected from every person between the ages of twenty-one and sixty years, who resides in this State on January 1st preceding its levy, with certain exceptions, and that such tax shall be paid at any time between the first day of October and the first day of February following its levy, and further provides that each person paying such tax shall be entitled to receive his poll tax receipt even though his other taxes are unpaid.

Article 3004 provides that no person shall be permitted to vote unless he first presents to the election judge his poll tax receipt or certificate of exemption issued to him prior to February 1 of the year in which he offers to vote, with certain exceptions.

Our courts in construing the above statutes and in dealing with questions involving the qualification of voters with reference to the county in which one should pay his poll tax, have held that if a citizen is obligated by law to pay a poll tax, and the county in which he resides on January 1st levies a poll tax for county purposes for that year, which is in addition to the State poll tax of one dollar and fifty cents, such poll tax must be paid prior to February 1st of the year following its levy to the county in which the citizen resided on January 1st of the year of the levy, even though he may have removed from such county and is living in another county when the poll tax becomes payable. The failure to make payment in this manner and under these circumstances disqualifies a citizen to vote during the year following the levy in the county to which he removed. Linger v. Balfour, 149 S.W. 795, 805, McCharen v. Mead, 275 S. W. 117, 119.

296

On the other hand, if the county in which a person resides on January 1st does not levy a poll tax for county purposes, the State poll tax of one dollar and fifty cents fixed by statute may be paid in the county where the citizen resides when the tax becomes payable, even though he may then reside in a county other than the one he resided in on January 1st of the year the tax is due. In other words, when a county in which an individual resides on January 1st does not levy a poll tax for that year and the citizen later in the year moves to another county, it is immaterial whether he pays his State poll tax in the county where he resided on January 1 of the year it is due or in the county to which he removed and is residing in when the tax is actually paid. Under these circumstances if the tax is paid prior to February 1st of the year following the levy in either of the counties, the requirements of the law have been met and the individual if not otherwise disqualified, is entitled to vote in elections during the following year in the county of his new residence. McCharen v. Mead, 275 S.W.117, 119; Savage v. Humphries, 118 S. W. 893, 908.

In answer to your inquiry, you are advised that if Blanco County, Texas, levies a poll tax for 1939, citizens residing in such county on January 1, 1939, subject to the payment of poll taxes, in order to qualify themselves in this respect to vote in elections in 1940, in the county of their new residence, must pay their poll tax to the tax collector and assessor in Blanco County. On the other hand if Blanco County does not levy a poll tax for 1939, those who resided in Blanco County on January 1, 1939, but later in the year removed to another county, may pay their State poll tax either in Blanco County or in the county of their new residence, and will thus qualify themselves to vote in elections held during 1940 in the county of their new residence, unless they should be otherwise disqualified.

You are further advised that if a citizen pays his poll tax as herein provided and receives his poll tax receipt or certificate of exemption, he may vote, if not otherwise disqualified, in the county of his new residence by presenting his poll tax receipt or certificate of exemption or his affidavit of its loss, to the judges of the election, and by making oath as to his identity and residence, if that be required. Article 2957; Marsden v. Troy, 189 S.W. 960.



        We trust the above satisfactorily answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Tom D. Rowell, Jr.
                 Assistant

TDR:AMN

APPROVED:

ATTORNEY GENERAL OF TEXAS